IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHN W. SCHOLEY,

   Plaintiff,

vs.

MID-AMERICA DOOR CO., INC.,
*et al.*,

   Defendants.

Case No. CIV-19-134-D

# **O R D E R**

  Before the Court is Defendants' Motion to Dismiss [Doc. No. 10], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Mid-America Door Company ("Mid-America") seeks partial dismissal of the Complaint, asserting that Plaintiff's claim for violation of the Electronic Communications Privacy Act of 1986 (ECPA), 18 U.S.C. § 2510 *et seq.*, is barred by the two-year statute of limitations. *See id.* § 2520(e). Defendant Carl Christensen seeks dismissal of all claims asserted against him.

  During the pendency of the Motion, Plaintiff voluntarily dismissed his action against Defendant Christensen pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). *See* Joint Stip. Partial Dismissal [Doc. No. 17]. The Court therefore finds that Defendant Christensen's Motion is moot.

  Plaintiff has made no timely response to the Motion within the extended time period provided by the Orders of June 24, 2019, and July 18, 2019 [Doc. Nos. 14 & 16]. Under the circumstances, the Court finds in the exercise of its discretion that Mid-America's Motion should be deemed confessed pursuant to LCvR7.1(g). Further, for the reasons

fully set forth in the Motion and supporting brief, the Court finds that the Complaint fails to state an ECPA claim upon which relief can be granted.[1] The factual allegations of the Complaint show that Plaintiff had a reasonable opportunity to discover the alleged ECPA violation in November 2016 when he learned that Mid-America had allegedly terminated his employment for violating its computer-use policy. Thus, any ECPA claim became time barred in November 2018, before this action was filed in February 2019.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No.10] is GRANTED in part. Count IV of the Complaint is DISMISSED with prejudice to refiling.[2] Defendant Carl Christensen's Motion is DENIED as moot; he has already been dismissed as a party to the action.

IT IS SO ORDERED this 31st day of July, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] "[I]f the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096-97 (10th Cir. 2009) (internal quotation omitted). This is so because "any party claiming the benefit of equitable tolling of a limitations period . . . [bears] the burden of [pleading and] proving justifiable circumstances." *Olson v. Federal Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004); *see Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1044 n.4 (10th Cir. 1980).

[2] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *accord Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (leave to amend should be freely granted, but amendment may be denied when it would be futile).